No FENCE DISTRICT No. 1 OF LINCOLN COUNTY *v.* GRUMBLES.

Opinion delivered June 25, 1928.

*A. J. Johnson* and *Henry W. Smith*, for appellant.
*Mike Danaher* and *Palmer Danaher*, for appellee.

McHANEY, J. This case was tried upon the following agreed statement of facts: "No-Fence District No. 1 of Lincoln County, Arkansas, is a corporation organized by special act No. 233 of the Acts of the General Assembly of Arkansas for 1923, approved February 27, 1923. That it was incorporated for the purpose of build-

ing a fence in Lincoln County, Arkansas, on the boundary of what was designated as No-Fence District No. 1. That the district did build and construct the fence in 1923, and the board of directors, in order to pay for said improvement, levied an annual tax based on the assessed benefits against the lands within the district. That the tax levied for the year 1923 remained unpaid on the 10th day of April, 1924, and a certified copy of the delinquent list was furnished by the collector to the clerk of the chancery court of Lincoln County, and same was filed and recorded on the 7th day of June, 1924; that the taxes for 1924 remained unpaid on April 10, 1925, was also certified to the Lincoln Chancery Court, and filed and recorded on the 8th day of June, 1925, and the taxes remaining unpaid on April 10, 1926, were likewise certified to the clerk of the Lincoln Chancery Court and filed and recorded on the 12th day of June, 1926.

"That F. E. Grumbles was the duly qualified and acting clerk of the chancery court of Lincoln County from January 1, 1923, until December 31, 1926; that he was succeeded in office on January 1, 1927, by O. F. Myers, who is now and has been since that date the duly qualified and acting clerk of the Lincoln Chancery Court. That the board of commissioners in No-Fence District No. 1, for the purpose of foreclosing the lien in favor of the district for delinquent taxes, filed their petition in the Lincoln Chancery Court with copy of the delinquent tax list for years 1923, 1924 and 1925, attached on the 26th day of August, 1926; that the complaint and list of delinquent taxes are attached as part of the statement of facts. That a decree in favor of the district for the amount of the taxes, interest, penalty and cost was rendered in favor of the district on October 18, 1926, and on said date the clerk of the Lincoln County Court was appointed a commissioner and directed, if said taxes were not paid in ten days, to sell said land at public sale, after giving notice for the payment of said judgment. That the notice given by the clerk as commissioner is hereto attached. That the commissioner's report of sale

was filed with the court on December 14, 1926; that the report of sale was approved by the court on the 14th day of December, 1926. No part of the lands included in the decree has ever been redeemed. That a large number of the tracts of land returned delinquent by the collector in 1924 for the delinquent taxes of 1923 also became delinquent for the taxes of 1924 and 1925, and were returned delinquent by the collector for each of these years.

"The clerk, F. E. Grumbles, is asking the court for judgment as cost in suit to foreclose the delinquent tax of $1 per tract for filing and recording the delinquent list for each year said tract was returned delinquent. This request is for $1 per tract for 416 tracts appearing on the delinquent list for one year; $2 per tract for 53 tracts on the delinquent list for two years; $3 per tract on 64 tracts on delinquent list for three years, making a total of $714 for filing and recording. The district refuses to pay.

"F. E. Grumbles is asking also the court for judgment against the lands for the amount of $1 per tract on a total of 533 tracts as commissioner's fee for making sale. The deeds conveying the lands as sold by the commissioner to the district have not been executed nor approved. The district has refused to pay this item, for the reason that it contends that it is incumbent upon the present clerk, O. F. Myers, to execute the deeds.

"All pleadings, exhibits, notices, motion and answer thereto considered in evidence.

"The present clerk, O. F. Myers, who succeeded F. E. Grumbles as clerk in January, 1927, is charging and collecting from all persons who wish to redeem any of said lands one dollar per tract for the redemption certificate, and one dollar for deeds executed.

"We agree that the above statement may be taken and considered by the court as facts relevant to the above case without any proof thereof, at the trial of said cause."

Based on these facts, the court found that appellee was entitled to a fee of $1 for each tract of land returned delinquent for filing and recording the delinquent list for each year that such tracts were returned delinquent; that there were 416 tracts returned delinquent for one year, 53 tracts returned delinquent for two years, and 64 tracts returned delinquent for three years, which entitled appellee to the sum of $714. The court further found that the commissioner, appellee, had advertised and sold 533 tracts of said delinquent lands, all of which were purchased by appellant, for which he was entitled to a fee of $1 for each tract so sold, or $533, making a total of $1,247, for which amount a decree was entered in his favor against the district.

It is first contended that appellee is not entitled to collect the $1 per tract for filing and recording the delinquent lists for the years mentioned, for the reason that he did not issue any certificates of redemption. This contention is based on § 3 of act 534 of the Acts of 1921, p. 573, the pertinent parts of which are as follows: "For his services in filing, recording and issuing certificate of redemption the said clerk shall be entitled to the sum of $1 per tract, which shall be added to the same at the time of recording said list and shall be charged as costs against said tract."

Section 4 of said act provides that if the board desires to bring suit for the collection of such delinquent taxes, they shall obtain a certified copy of the delinquent list from the chancery clerk and file same with the complaint, which shall be taken as a part thereof, and the clerk for making the certified copy is entitled to ten cents per tract, to be taxed as costs in said suit. This procedure was followed. The delinquent lists were returned to the chancery clerk as provided in said act, which he filed and recorded, and at the time entered up the charge of $1 as costs for filing, recording and issuing certificates of redemption, provided any property owner desired to redeem. No redemptions were made, however, and when the certified list of delinquents was made to the board

and suit was filed thereon, this $1 per tract was included in the costs, plus the ten cents per tract for the certified copy, and the land was sold for the tax, penalty, interest and costs, including this $1.10. If the land had been sold to an individual instead of to the district, there could be no question whatever that the clerk would be entitled to his costs of $1 per tract for filing and recording, as that amount would necessarily have been paid by the purchaser of the tract. Since the district became the purchaser of all this delinquent land, and since it is provided in § 22 of the act creating the district, act 233, Acts of 1923, p. 447, ''that in any case where the lands, lots, railroads and tramroads are offered for sale by the commissioner, as provided for in this act, the sum of tax due, together with the interest, costs and penalty is not bid for the same, the said commissioners shall bid the same off in the name of the said district, bidding therefor the whole amount due as aforesaid; and the commissioner shall execute his deed therefor, as in other cases under this act, conveying such land to such board,'' etc. It is therefore plain to be seen that the clerk's costs of $1 per tract for filing and recording such lists have been included in the amount for which suit was brought, and for which sale was made, was included in the amount bid by the district for such land, and we know of no reason why the district should not pay the clerk his fees for this work. The mere fact that § 3 of the act 534, Acts 1921, provides that this fee of $1 shall be for filing, recording and issuing certificate of redemption, when no redemptions have been made by the property owners, cannot disentitle him to the fee which he was required to enter up at the time of filing and recording, and which has been certified to the board, and for which the land has been sold to the district.

We therefore hold that the clerk was entitled to this item of fees as allowed him by the chancellor.

It is finally insisted that the appellee is not entitled to the $1 per tract allowed him by the court as commissioner's fee for making the sale. The decree of fore-

closure under which the sale was had was made and entered October 18, 1926, from which there has been no appeal, and in this decree the commissioner was ordered, in making the sale, "to add a fee of $1 for acreage property and $1 for town lots as his fee, and the sum of $1 as attorney fee against each and every separate tract of land." This was the commissioner's fee for making the sale.

As heretofore stated, he has made the sale in pursuance of said decree and reported same to the court, which has been approved, but no deed has been made to the district conveying the lands to it. In fact, no deed could have been made until the expiration of one year from the date of the sale and its confirmation by the court, as the act under which the district is organized, act 233 of the Acts of 1923, provides, in § 21, "that the owner of any such property may redeem the same by paying to the clerk of the proper chancery court the amount of taxes, penalty, interest and costs within one year after the sale of said lands or other property, and saving to minors and insane persons the right to redeem within one year after such disability shall have been removed."

For this service of issuing redemption certificates after sale, the act fails to provide any fee for the clerk. The above provision of the act creating the district clearly refers to redemptions after the sale, whereas § 3 of the act of 1921 refers to redemptions before sale. Until the period of redemption, as above set out, expired, the commissioner would not be authorized to make a deed to the district, but, at the expiration of that time, on the demand of the board, it would be his duty to execute such deed. That duty would not devolve upon the present clerk, as the former clerk, appellee, was the commissioner making the sale, and the act creating the district makes it the duty of the commissioner making the sale to execute the deed. The commissioner might or might not be the clerk, as the act creating the district provides that the court "shall appoint a commissioner,

who should be directed to sell the lands," etc. It will be a very simple matter for the commissioner, appellee, to make a deed to the district for the lands remaining unredeemed from the sale, and on doing so he would be entitled to his fee as fixed by the court for making the sale.

The decree is therefore affirmed.